**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4010**

———————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

PABLO RODRIGUEZ-PAEZ, a/k/a Pablo Rodriguez Paez, a/k/a
Pablo Paez-Rodriguez, a/k/a Pablo Paez Rodriguez, a/k/a
Pablo P. Rodriguez, a/k/a Pablo Rodriguez, a/k/a Pablo
Rodregues, a/k/a Pablo Rodriquez,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. Thomas D. Schroeder,
District Judge. (1:14-cr-00250-TDS-1)

———————

Submitted: May 29, 2015          Decided: June 18, 2015

———————

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant. Ripley Rand, United States Attorney,
Kristin J. Uicker, Special Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pablo Rodriguez-Paez pleaded guilty to illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a) (2012). The district court sentenced Rodriguez-Paez to eight months of imprisonment followed by one year of supervised release and he now appeals. Finding no error, we affirm.

On appeal, Rodriguez-Paez argues that the district court abused its discretion in imposing a term of supervised release. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within Guidelines sentence).

Pursuant to the Sentencing Guidelines, a court should not ordinarily impose a term of supervised release for someone who is a deportable alien. U.S. Sentencing Guidelines Manual § 5D1.1(c) & cmt. n.5 (2014). However, if the court determines that such an imposition would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case, imposition of a term of supervised release may be appropriate. Id. We have thoroughly reviewed the record

2

and the relevant legal authorities and conclude that the district court did not abuse its discretion in imposing a term of supervised release based on the specific facts of Rodrigez-Paez's case.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

3